IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHELSEA EMMONS and ASHLEY LINDQUIST, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. _____ ) |
| WILLIAMSON COUNTY, TENNESSEE and WILLIAMSON COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT

Plaintiffs Chelsea Emmons and Ashley Lindquist bring this cause of action against Defendants, Williamson County, Tennessee and Williamson County Sheriff's Department, for sexual harassment in violation of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 2000e, *et seq.,* commonly referred to as Title VII.

## PARTIES

1. Chelsea Emmons (hereinafter "Plaintiff Emmons") is a citizen and resident of Rutherford County, Tennessee.

2. Ashley Lindquist (hereinafter "Plaintiff Lindquist") is a citizen and resident of Williamson County, Tennessee.

3. Williamson County Sheriff's Department is a division of the local government of Williamson County, Tennessee (hereinafter "Defendants").

1

## JURISDICTION, VENUE, & PROCEDURAL PREREQUISITES

4. This Court has jurisdiction, as this action involves a federal question under 42 U.S.C. § 2000e.

5. Venue is proper as the acts alleged herein occurred in Williamson County, in the Middle District of Tennessee.

6. Plaintiff Emmons filed her EEOC charge(s) on November 7, 2018, within 300 days of the complained of behavior.

7. Plaintiff Lindquist filed her EEOC charge(s) on August 22, 2018, within 300 days of the complained of behavior.

8. Plaintiffs are filing this action within 90 days of their EEOC right to sue letters, which were each issued on September 17, 2019.

## FACTS

9. Plaintiffs are female.

10. While employed by Defendants, Plaintiffs were subjected to sexual comments and actions that were objectively and subjectively offensive and which constituted a hostile work environment.

### Plaintiff Chelsea Emmons

11. Plaintiff Emmons was employed by Defendants from January 2, 2018 until she resigned on July 20, 2018, due to fear for her safety stemming from the sexual harassment that she experienced.

12. During Plaintiff's time as an Officer in Training ("OIT"), she was subjected to harassing behavior by her male Field Training Officer ("FTO"). The harassing behavior included, but was not limited to, the following comments and actions of the male deputy:

a. Stating to Plaintiff while she was bent over to pick something up, "I can think of something I could bend you over on."

b. Stating to Plaintiff while she was eating a pickle at lunch, "I have a pickle you can put in your mouth."

c. Repeatedly inviting Plaintiff to his house after work, after she had continually rejected his invitations.

d. When Plaintiff attempted to reject his advances by stating that she had a husband and children, replying that "Marriage doesn't mean anything. I'm engaged."

e. Repeatedly asking Plaintiff to take a ride in his truck and park somewhere to experience how "comfortable" his truck seats were.

f. Exhibiting aggressive behavior in Plaintiff's presence and threatening Plaintiff with the loss of her job if she reported his actions.

g. Stating to Plaintiff that, if she reported him, no one would believe her because he was well connected and popular and because he would "turn it around and pin it on" her in some way.

13. The comments and actions of the deputy are too numerous to list herein and will be further delineated in discovery and at trial.

14. The harassing behavior was not isolated and occurred on a daily basis over at least a two-week period during Plaintiff's training.

15. On July 3, 2018, Plaintiff verbally complained of the harassment to a sergeant and expressed that she was extremely fearful for her safety due to the harasser's previous threats and aggressive behavior.

16. Plaintiff submitted a written complaint on July 6, 2018, along with a letter of resignation designating her final day as July 19, 2018.

17. On July 18, 2018, Plaintiff was interviewed by internal affairs regarding her complaint, and she again expressed fear of retaliation by the harasser and asked that her name be kept confidential.

18. On July 19, 2018, during shift change, the harasser locked eyes with Plaintiff and stared at her in an intimidating and threatening manner. Plaintiff interpreted this behavior as an acknowledgement by the harasser of his awareness that Plaintiff had made a complaint against him.

19. Plaintiff resigned her employment with Defendants solely due to Defendant's inability to ensure that Plaintiff would be protected at work, which was a constructive discharge.

20. Upon information and belief, Defendants knew or should have known of the male deputy's inappropriate harassing behavior due to another female deputy having reported such conduct, prior to the harassment of both Plaintiffs herein.

21. Plaintiff has suffered emotional distress, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment and humiliation, as damages due to the harassing behavior.

### Plaintiff Ashley Lindquist

22. Plaintiff Lindquist began working for Defendants on May 14, 2018.

23. During Plaintiff's time as an Officer in Training ("OIT"), she was subjected to harassing behavior by her male Field Training Officer ("FTO"), the same FTO who harassed Plaintiff Emmons. The harassing behavior included, but was not limited to, the following comments and actions of the male deputy:

4

a. Playing sexual radio stations while on duty;

   b. Repeatedly talking about having sexual intercourse with numerous females that work in the WCSO Detention Center;

   c. Repeatedly making lewd comments about Plaintiff's butt;

   d. Reaching across Plaintiff and purposely brushing his arm across her breasts;

   e. Telling Plaintiff that she did a great job and that she should bring a six pack back to the hotel room to fuck;

24. The comments and actions of the deputy are too numerous to list herein and will be further delineated in discovery and at trial.

25. The harassing behavior was not isolated and occurred on a near daily basis.

26. On July 3, 2018, Plaintiff verbally complained about the harassment to a Corporal.

27. Plaintiff was interviewed by superiors within the Williamson County Sheriff's Office regarding her complaint, where she again expressed her fear of retaliation and discomfort with the harassing behaviors.

28. After reporting the harassing behavior, Plaintiff Lindquist's male coworkers stopped speaking to her during shifts, thereby causing a difficult work environment.

29. Plaintiff was later retaliated against when she was denied the opportunity to advance her career by attending a certain educational program that male officers were permitted to attend, under the same or similar circumstances as Plaintiff.

30. Plaintiff has suffered emotional distress, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, and negative impact on her career advancement as damages due to the harassing behavior and retaliation.

## CAUSE OF ACTION

31. Paragraphs 1 – 30 are incorporated herein by reference.

32. The conduct described herein violates 42 U.S.C. § 2000e, *et seq.*, commonly referred to as Title VII, as sexual harassment (employment discrimination).

## DAMAGES

33. As a result of the harassment, Plaintiffs suffered and will continue to suffer future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life, for which they are entitled to compensatory damages under 42 U.S.C. § 2000e, *et seq.*

34. Plaintiff Emmons is also entitled to back and front pay for the loss of her employment, which was directly caused by the sexual harassment complained of herein.

35. Plaintiff Lindquist is also entitled to future lost income from the denial of her career advancement opportunities.

36. Plaintiffs further sue for attorney's fees, court costs, and discretionary costs if they are the prevailing party in this litigation, as authorized by statute and case law.

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. That process issue, requiring Defendants to answer this Complaint in the time provided by law;

2. After the discovery process, that this case be heard on its merits;

3. That Plaintiff Emmons be awarded $300,000 in compensatory damages;

4. That Plaintiff Lindquist be awarded $300,000 in compensatory damages;

5. That each Plaintiff be awarded back and front pay in accordance with their individual losses;

6. That Plaintiffs be awarded attorney's fees, court costs, discretionary costs, and all further relief to which they are entitled; and

7. That Plaintiffs be awarded all further and general relief that the Court feels is appropriate in this case.

Respectfully Submitted,

s/ Mary A. Parker
Mary A. Parker #6016
Stephen Crofford #12039
**PARKER & CROFFORD**
1230 2nd Ave. S.
Nashville, TN 37210
Tel: 615-244-2445
Fax: 615-255-6037
mparker@parker-crofford.com
stephencrofford@msn.com
*Attorneys for Plaintiffs*